UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERAS NEAMEH (A#249-428-113),

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-06060-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Syria who entered the United States on or about May 2024 without being inspected by immigration officials. ECF No. 5-1 at 2. After encountering immigration officials and being detained, he was subsequently issued a notice to appear in immigration court in July 2024 and released on the Alternatives to Detention ("ATD") program based on an explicit finding that he was not dangerous or a flight risk. Id. Petitioner has no criminal record and is not subject to a final administrative order of removal. Although Petitioner's I-213 Form indicates that he "has had several [ATD] program violations," Respondents do not argue that these support his re-detention or submit any evidence to this Court demonstrating that he has not materially complied with the terms of his supervision.

On June 27, 2026, Immigration and Customs Enforcement detained Petitioner when he appeared for a routine check in. He remains in custody at the Golden State Annex located in this judicial district.

Considering this record, and consistent with the rulings in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026), the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his redetention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count two.[1]

2. Respondents be ordered to immediately release Petitioner FERAS NEAMEH (A#249-428-113) from their custody.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Golden State Annex with a copy of any release order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE