UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERAS NEAMEH (A# 249-428-113),

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-06060-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 7)

Petitioner, a federal immigration detainee proceeding through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 7.) On August 21, 2026, Respondents filed objections, stating merely that "[i]n order not to waive the right to appeal, Respondents generally object to the findings and recommendation[s] . . . for the reasons stated in [their] prior pleadings." (Doc. No. 8.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under

8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 19, 2026 (Doc. No. 7), are ADOPTED;

2. Petitioner Feras Neameh's (A-249-428-113) application for a writ of habeas corpus is GRANTED;

3. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody. At the time of release, Respondents shall return all of Petitioner's documents and possessions. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;

4. Within three (3) days from the date of entry of this order, Respondents shall file a notice of compliance with this court confirming Petitioner's release from custody;

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration

judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted;

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

7. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

8. The Clerk of the Court is directed to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dena Coggins
United States District Judge